## 52325. WILLSON v. JOHNSON STORES, INC. et al.

STOLZ, Judge.

Woodrow Willson, a majority shareholder of Roberts Furniture Co., instituted this suit in February 1975 to recover the balance due on an unsecured note executed in 1970 by Johnson Stores d/b/a Roberts Furniture Co. In May, 1975, Willson filed writs of attachment and levied against the inventory of Roberts Furniture Co., which was being sold in a "going-out-of-business" sale. Five days later, First National Bank of Boston intervened, claiming

that the inventory of Roberts Furniture Co. belonged to Gunter-Dunn, Inc., and, thus, was subject to a perfected security interest held by the bank in Gunter-Dunn's assets.

In response to motions for summary judgment made by both Willson and First National Bank, the trial court adjudged the property to belong to Gunter-Dunn, thereby granting the intervenor bank's motion while denying same to plaintiff Willson. *Held:*

Our review of the record in this case reveals myriad factual questions which render the grant of summary judgment particularly inappropriate. In 1970, Johnson Stores claimed ownership of Roberts Furniture Co. in the note it executed to Woodrow Willson. Yet, in 1973, First National Bank executed a security agreement with both Johnson Stores and Gunter-Dunn by which these latter corporations gave the bank a security interest in all their property to secure the debt of Johnson Stores. Moreover, the financing statement filed by the bank to cover this security agreement named as the debtor, only Gunter-Dunn, Inc. d/b/a Roberts Furniture Co.

In addition, the affidavits of plaintiff Willson and his attorney state that Willson, as a creditor of Johnson Stores d/b/a Roberts Furniture, was entitled to receive notice of any bulk transfer of Roberts' inventory; that no notice was received; that plaintiff's attorney was present at the "going-out-of-business" sale; that the attorney spoke to the sales personnel, who represented that the inventory was owned by Johnson Stores; and that the attorney could not locate any agents of either Gunter-Dunn or the bank at the store during this sale.

Thus, the record indicates that there are unresolved fact questions as to whether and when a bulk transfer may have occurred, whether the transfer may have violated the provisions of Code Ann. § 109A-6—101 et seq., and, if so, whether or not the instant action is time barred; for, in the event of non-compliance with the bulk transfers article, the inventory transfer would be ineffective to bar Willson's attachment of the goods within the twelve-month statute of limitation. For this reason, we hold that the trial court erred in granting summary judgment in favor of the First National Bank of Boston.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JUNE 7, 1976 — DECIDED JULY 12, 1976.

*Congdon & Williams, J. Gabriel Angaran,* for appellant.

*Burnside, Dye, Miller & Bowen, James B. Wall, Fred Smith, Jr.,* for appellees.